### F. J. HILLS vs. J. E. BROWN.

APPEAL FROM ORDER OF BICKERTON, J.

HEARING, AUGUST 4, 1890.   DECISION, SEPTEMBER 10, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendant, to the action on his promissory note, pleaded in recoupment a loss in certain articles purchased of the plaintiff, for which this note was part payment; to which the plaintiff in replication pleaded that in a prior suit it had been adjudged that this defendant could not recover therefor.

Held, that the doctrine of "res judicata" was applicable, and the plea in bar was sustained.

OPINION OF THE COURT, BY McCULLY, J.

This is an action of assumpsit on a promissory note, part of the consideration in the sale of a plant and material for the manufacture of aerated waters.

The defendant pleaded in recoupment a failure in quantity of certain material and a failure in quality as to some other, to which defense the plaintiff made replication, setting up in bar to the defendant's plea the judgment of the Court in a previous suit. The Court below sustained the plea in bar, to which defendant excepted.

We are referred by the bill of exceptions to the proceedings in the previous suit of *Brown vs. Hills*. The plaintiff therein claimed, *inter alia*, that he purchased certain articles and commodities used in and necessary for the manufacture and carrying on of the said business (of making aerated waters) as set out in a certain inventory furnished by the defendant, among which there were, to wit, 800 dozen bottles, valued and purchased at the price of six hundred dollars, also certain essences valued in the said inventory at four hundred and fifty dollars.

It was alleged in the complaint that the bottles fell short five hundred dozen, and that the essences were spoiled and unfit to be used, except to the extent of $95.78 in value.

The case was tried before the late Mr. Justice Preston, jury waived. The learned Justice ordered judgment to be entered for the defendant Hills, basing it upon two grounds, first, that the evidence showed that the sale was made to plaintiff Brown by Hills and Nuu Vahine, who was non-joined in the action, and secondly, because the allegation of a sale by inventory specifying the separate value of the items was not supported, the proof being of a bill of sale in which there is some enumeration of the items sold, but only a lump valuation for them and the goodwill of the business, including a covenant not to engage again in such a business in Honolulu.

The Court said : "There is no evidence to support the allegation of a sale of the essences, etc., for $450. The sale was of the goodwill and stock for $3,000, and it cannot be maintained that any particular item was sold at a specific price."

The defendant now offers to show a sale by inventory of articles and prices, and the losses in respect to two items, which was one of the issues decided before, that is, had become a *res judicata.* *U. S. vs. Leffler*, 11 Peters, 101. "If there be any one principle of law settled beyond question, it is this : that whensoever a cause of action in the language of the law *transit in rem judicatam*, and the judgment thereon remains in full force, unreversed, the original cause of action is merged and gone forever."

The application of the doctrine to this case is not affected by the fact that the Court found that there was a non-joinder of defendants, it having distinctly adjudged upon the issue as if the proper parties had been joined.

The plaintiff's plea in bar is sustained.

*Cecil Brown*, for plaintiff.

*Paul Neumann*, for defendant.